26 C.C.P.A. (Patents)

## In re ROLPH.
### Patent Appeal No. 4058.

Court of Customs and Patent Appeals.
April 10, 1939.

John M. Cole, of New York City (Joel B. Liberman, of New York City, and John E. Bangs, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the examiner denying patentability of certain claims contained in an application for patent entitled, "For Reflecting Brick and Walls and Buildings Utilizing the Same." The subject-matter is similar to that involved in a companion case decided con-

currently herewith—In re Rolph, Suit No. 4059, 26 C.C.P.A., Patents ——, 102 F.2d 873. It is noted that a number of claims stand allowed here, whereas in appeal No. 4059, supra, all the claims were rejected below. Some of the allowed claims in this case are specific to the brick; others relate to the building composed of the brick. All the appealed claims relate to the building or to the building wall, and all, like the allowed claims, are specific to light reflection, whereas in appeal No. 4059, supra, some are specific to light refraction, while others apparently are broad enough to cover both reflection and refraction.

The appealed claims are numbered 25 to 30, inclusive, Claim 25 reads: "25. In a building, a wall composed of light-transmitting box-like bricks assembled in courses, each brick having vertical, substantially transparent side walls externally substantially smooth in vertical planes and adapted to form the inner and outer faces of the building wall, vertical end walls interconnecting the side walls, and at least one transversely extending, substantially horizontal wall, each brick having means within its outer faces for intercepting a large proportion of downwardly slanting sky light incident on the outer face of the building wall and reflecting it into upwardly slanting directions so that it emerges from the inner face of the building wall in said upwardly slanting directions, and a ceiling disposed inwardly of the inner face of the wall to receive said upwardly slanting light and redistribute it downwardly for interior illumination."

Claim 26 specifies that the reflecting means is in the form of prisms; claim 27 that the prisms are longitudinal of the brick; claim 28 that the longitudinal prisms in the wall of the brick are on the upper surface thereof; claim 29 that the prisms are transverse of the horizontal wall of the brick, and claim 30 that the reflecting means is in the form of a substantially horizontal reflector.

From a comparison of the allowed claims with those on appeal, it appears that the principal distinction between them lies in the inclusion in the appealed claims of the feature, as expressed in claim 25, supra, of "a ceiling disposed inwardly of the inner face of the wall to receive said upwardly slanting light and redistribute it downwardly for interior illumination."

The only prior art cited by the examiner was a patent to Cochrane et al., No. 1,949,898, of March 6, 1934. This was cited in the companion case, appeal No. 4059, supra, also and is described in our opinion there. The bricks of that patent are not designed to reflect or refract light, in the manner of appellant's bricks, but to diffuse it, the ribs of the bricks of the patent having only the effect of rendering the structure translucent.

The board held that the Cochrane et al. patent does not constitute a complete anticipation of appellant's combination, and cited in addition to it a British patent to Winger, No. 13,248, of June 14, 1898, this being the same patent cited in the companion case, appeal No. 4059, supra. In addition to the art so cited the board also, as in the companion case, recited the common practice of illuminating a room indirectly by directing light on the ceiling and then causing its diffusion throughout the space to be illuminated. This latter refers, as we understand it, to artificial light, and it is the view of the board that treatment of natural light in the same manner does not amount to invention.

The patent to Winger is described in our decision in the companion case. It is sufficient to say of it here that it relates to a glass pane, one form of which is "preferably built up of a number of blocks of glass" which cause the rays of light received upon the pane's surface to be deflected in horizontal lines.

We entertain the same view with respect to the claims here before us as that respecting those in the companion case. In a building constructed of appellant's bricks there is a cooperation between the prisms in the building wall and the light controlling elements in the ceiling which results in a system of interior illumination not disclosed by any art cited. It seems to us to be novel and useful and to embrace an inventive concept.

For the reasons stated, the decision of the board is reversed.

Reversed.